**ATOA of Iliili, Plaintiff**

**v.**

**W. F. MEREDITH of Iliili, Defendant**

No. 6-1955

High Court of American Samoa

Civil Jurisdiction, Trial Division

[Matai Title: "Atualevao" of Iliili]

April 22, 1955

OPINION AND DECREE

Heard at Fagatogo March 22, 23 and 25, 1955, before MORROW, *Chief Judge, Associate Judge* TAUALA and *Temporary Associate Judge* MAILO.

S. R. S. Tago, counsel for Atoa.

Toomata, counsel for W. F. Meredith.

OPINION OF THE COURT

MORROW, *Chief Judge.*

W. F. Meredith filed his application with the Registrar of Titles on April 23, 1953 to be registered as the holder of the matai name Atualevao. Atoa filed an objection to the proposed registration on May 8, 1953 and became a candidate for the name. Hence, this litigation. Sec. 932, A. S. Code.

Sec. 926 of the A. S. Code as amended specifies the qualifications for holding a matai title. It was clear from the evidence that both Meredith and Atoa have these qualifications and that each is, therefore, eligible for registration as the holder of a matai title.

Sec. 933 of the A. S. Code as amended prescribes the law which the Court must follow in determining which of the eligible opposing candidates for a matai title shall be registered as the holder. It reads as follows:

*"Consideration Given by Court:* In the trial of matai name cases, the High Court shall be guided by the following in the priority listed:

160

(a) The best hereditary right in which the male and female descendants shall be equal in the family where this has been customary, otherwise the male descendant shall prevail;

(b) The wish of the majority or plurality of those members of the family related by blood to the title;

(c) The forcefulness, character, personality, and capacity for leadership of the candidate;

(d) The value of the holder of the matai name to the government of American Samoa."

We shall first consider the issue of hereditary right. During the hearing frequent reference was made by both sides to what purports to be a decision rendered by the High Court in the case of *Vao v. Toloumu*, No. 45-1914 (H.C. Am. S.).

The blood father of objector Atoa was the Vao in that case. He was the plaintiff. Referring to him the purported decision states "that he is no member of the family (meaning the Atualevao Family) in any way."

At the bottom of the purported decision there is the following:

"Memo: Feb. 20, 1935

"The above was translated from Samoan by C. Young.

The original was brot in by Ufuti for Saiselu as decision in Atualevao's case.

/s/ Zuberano." (Zuberano was Clerk of the High Court in 1935)

██ Counsel for Atoa asked the Court not to consider such purported decision because it was not signed. We think it should not be considered for that reason and we shall not consider it.

However, in record of the 1914 case there is a transcript of the testimony taken. Maiuu (who was the plaintiff Vao in the 1914 case and who was the blood father of objector Atoa in the instant case as heretofore stated) testified as follows:

"Q. Was your ancestor an Atualevao?

"A. No.

161

"Q. Was your mother's father an Atualevao?

"A. No."

In the instant case there was conflicting testimony as to whether Atoa has Atualevao blood in his veins. We think that the weight of the testimony is to the effect that Atoa lacks Atualevao blood. This conclusion is consistent with the testimony of Maiuu (Atoa's blood father) that he did not have an ancestor who was an Atualevao and that his mother's father was not an Atualevao. While we conclude that Atoa does not have Atualevao blood, nevertheless we think that under Samoan customs he is a member of the Atualevao Family, although not a blood member. Under Samoan customs some people may be recognized as members of the family, although they are not blood members.

It was contended that Maiuu was the registered Atualevao. An examination of the matai name register and of the affidavit filed by Maiuu which resulted in the claimed registration convinces us that such registration was illegal and void.

The matai name register in the office of the Registrar of Titles shows that Punilauniu was registered as the holder of the matai name Atualevao of Iliili in 1906. There was no other registration of an Atualevao until Feb. 5, 1935 when Maiuu was registered by the then Attorney General as the holder of the name.

In order to procure the registration, Atualevao, according to the records in the office of the Registrar of Titles, made an affidavit before R. G. Pennoyer, then Attorney General and Registrar of Titles. Such affidavit together with the jurat and note of Mr. Pennoyer to the Clerk of the High Court at the bottom of the affidavit reads as follows:

162

"Affidavit

"County of Maputasi )
"Tutuila, American Samoa) ss.

"ATUALEVAO, being duly sworn says: That he is a duly registered matai; and that his matai name is ATUALEVAO, the above mentioned matai name being registered about the year 1906 and further that the said Matai name ATUALEVAO was used by himself during the years of 1908, 1911, 1913, 1916 and 1926 at which time he was duly appointed the Pulenu'u of ILI'ILI. That he had in his possession official documents to sustain this sworn statement. Also that he paid the sum of one dollar ($1.00) for the registration of his matai name about the year 1906.

/s/ "Atualevao
"ATUALEVAO"

"Subscribed and sworn to before me this date: 5 February 1935

/s/ "R. G. Pennoyer
"R. G. PENNOYER

"ATTORNEY GENERAL OF AMERICAN SAMOA"

"Clerk of High Court

"Please see that our record is corrected accordingly and file this affidavit to substantiate same.

/s/ "R. G. Pennoyer"

This affidavit was made on 5 February 1935 and filed. The matai name register shows that Maiuu was registered on the very same day. The law requiring 30 days' notice was obviously not complied with. Furthermore, the basis for the registration in 1935 without the 30-day notice was the affidavit. The given name of the man who made the affidavit was obviously Maiuu which was the given name of the man registered on Feb. 5, 1935 according to the matai name register. If Maiuu was not the given name of the man who made the affidavit, then there was the registration of Maiuu without notice upon the incorrect affidavit of someone else. Clearly the law with respect to the registration was not complied with and the registration of Maiuu was void.

163

It was claimed also that Maiuu had been appointed pulenuu of Iliili on four different occasions before 1935. The documents of appointment were introduced in evidence. However, these documents in each case merely named Atualevao as the appointee. They did not give his designated name. As a matter of fact the designated name of the only Atualevao who was registered before the illegal registration of Maiuu on Feb. 5, 1935, according to the matai name register, was Punilauniu. It might very well have been that Maiuu was claiming to have been registered in 1906, as the affidavit stated, in order to get the appointments when as a matter of fact he was not so registered.

It was also claimed by Atoa that Maiuu was registered as the Atualevao about 1911. An O le Faatonu dated April 1911, which was put before the Court for consideration, did contain "a notice of names to be registered" among which was included the name of Maiuu for the name Atualevao. Nevertheless, following the notice Maiuu was not registered as the Atualevao. Why, we do not know. Whether there was an objection filed by someone as a result of the notice we cannot say. The fact remains he was not registered since the matai name register does not show any such registration.

If he was registered in 1906, as stated in the affidavit, why was Maiuu trying to get registered in 1911? If he was registered in 1911, why was the illegal registration procured in 1935? The only logical conclusion from these circumstances is that he was neither registered in 1906 nor in 1911. And the absence of his name from the matai name register until the illegal registration in 1935 confirms this conclusion.

As heretofore stated, we believe after a consideration of all the evidence on the matter of hereditary right that Atoa has no Atualevao blood in his veins, and that the weight of the evidence supports that conclusion.

We have concluded from the evidence that candidate Meredith is the grandson of Atualevao Tuimalealiifano and has $1/4$ Atualevao blood in his veins.

It follows, therefore, that Meredith prevails over Atoa on the issue of hereditary right.

As will be explained later, it is not necessary for the Court to pass upon the issue of the wish of the majority or plurality of the family.

 Meredith occupies a very responsible position in the office of the Attorney General. Atoa is a school teacher. He has also served as a faifeau. Meredith and Atoa both speak English. Atoa has more formal education than Meredith, being a graduate of the Leulumoega High School and of Malua College, both in Upolu, while Meredith completed the first year in a high school in Honolulu. However, all education is not acquired in the school room. Meredith had charge of the tax collections in the Attorney General's office for a number of years; also he was chief copra clerk in that office for many years. At the present time and at various times in the past Meredith has had charge of immigration and emigration matters in the office of the Attorney General. He has held all of these positions with success and he could not have done so without having acquired considerable education through practical experience. We believe that his formal education plus that acquired through practical experience at least equals the education, both formal and that acquired through experience, of Atoa. Meredith's salary is $2172 per year while Atoa's is $718. Each has considerable other income through aigas and work of aigas. Such income is from the sale of copra, pigs, taro, bananas and other Samoan products of the soil.

The Court had an excellent opportunity to observe the personalities of the candidates during the hearing. It is our conclusion from the evidence and from our observations

165

that Meredith prevails over Atoa on the issue of forcefulness, character, personality and capacity for leadership, and we so find.

We think that Meredith will render better service as the matai of the Atualevao Family than would Atoa were Atoa to be awarded the title. We believe from the evidence that he is better qualified as a leader and also better qualified to look after the affairs of a Samoan family than is Atoa. The value of the holder of a matai title to the Government depends largely upon the quality of leadership which he exercises in the administration of the affairs of the family; not only in its internal affairs, but also in its relations with other Samoan families and with the Government. Meredith is an older and a much more experienced man than Atoa. We find that Meredith prevails over Atoa on the issue of value of the holder of the matai name to the Government of American Samoa.

Each of the candidates filed a petition with the Court purporting to be signed by those blood members of the Atualevao Family supporting his candidacy for the title. There were 150 signatures on the petition for Meredith and 312 on the petition for Atoa. Meredith testified that only 11 out of the 312 on Atoa's petition were blood members while Atoa testified that only 1 out of the 150 on Meredith's petition was a blood member. Ufuti, a member of the family, who has spent most of the last 9 years in Honolulu and who is not now personally acquainted with all the blood members, testified that he recognized 12 on Meredith's list as blood members and 7 on Atoa's list. The evidence on the issue of the wish of the majority or plurality of the blood members of the family was conflicting and unsatisfactory. We shall make no finding with respect to this issue. It is not necessary, since we find that Meredith prevails over Atoa on the other three issues. The law re-

quires the Court to award the title to Meredith regardless of what we should find with respect to the issue of the wish of the majority or plurality of the blood members of the family, if we were to make a finding.

It is our conclusion that Meredith, prevailing on three issues, is entitled to be registered as the holder of the matai name Atualevao of Iliili.

### DECREE

Accordingly it is ORDERED, ADJUDGED and DECREED that W. F. Meredith be registered as the holder of the matai title Atualevao of Iliili.

The Registrar of Titles will be advised of this decree.

Costs in the sum of $58.00 are hereby assessed against Atoa, the same to be paid within 60 days.